UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KING-INDIANA FORGE, INC.,** | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO.  1:07-cv-341-JDT-WTL |
| | ) |
| **MILLENNIUM FORGE, INC.,** | ) |
| | ) |
|   Defendant. | ) |

## ENTRY ON MOTION TO COMPEL

This cause is before the Magistrate Judge on the Plaintiff's motion to compel. The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion[1] to the extent and for the reasons set forth below.

In its motion, the Plaintiff asks for an order compelling the Defendant to respond completely to its document requests nos. 4 and 8. The Defendant, supported by an affidavit from its lawyer, responds as follows:

> Millennium has produced both hard copy documents and electronic drawings in response to Request Nos. 4 and 8 of KIF's first document requests, and even reproduced the drawings in a different electronic form at KIF's counsel's request. Indeed, all documents in KIF's counsel's possession that are responsive to the requests have been produced and, in any event, many of the documents KIF claims are missing are subsumed within the documents made available for review pursuant to KIF's other document requests. Millennium has invited KIF's counsel to inspect these documents at Millennium's Louisville, Kentucky facility, and Millennium will even copy and produce these documents if KIF pays for the expense of doing so. And, despite the fact that Millennium has responded to these Requests, it will supplement its disclosures with any additional responsive documents it discovers pursuant to its duties under the Federal Rules of Civil Procedure.

Defendant's Brief at 3 (citations to attorney's affidavit omitted). The Magistrate Judge notes

---

[1] The parties agree that one of the issues raised in the motion is moot, and the Magistrate Judge therefore does not address that issue.

that the Defendant's obligation is to produce all responsive documents that are in its "possession, custody or control," and therefore the Defendant's indication that it has produced all of the documents in its "counsel's possession" would, without more, be insufficient. However, there is more; the Defendant has also made additional documents available for inspection. The Plaintiff has not yet inspected those documents, and therefore it is impossible for the Magistrate Judge (or the Plaintiff) to know whether those documents will complete the Defendant's production. Therefore, while the Plaintiff has set forth numerous categories of documents that it believes the Defendant has but has not yet produced, it is, as the Defendant suggests, premature to address that issue until after the Plaintiff has seen the documents offered by the Defendant for inspection.

With regard to those documents, the Plaintiff objects to the fact that the Defendant has offered them for inspection at its Louisville plant rather than producing them at Plaintiff's counsel's offices as requested. While this is the type of dispute that should be resolved by reasonable counsel without court intervention, it appears that has not occurred in this case.

Rule 34(b) requires a requesting party to "specify a reasonable time, place and manner of making the inspection and performing the related acts." The Defendant has not even attempted to demonstrate that the Plaintiff's request that the documents be produced at its counsel's office is unreasonable; rather, it has just offered an alternative location, without giving any reason for doing so. In the absence of a timely and properly supported objection, the Plaintiff is correct that the Defendant is required to make the production as requested by the Plaintiff. The Defendant shall do so **within 15 days of the date of this Entry**.

The Plaintiff also asks the Court to order the Defendant to produce a privilege log, in spite of the fact that the Defendant already has agreed to do so. That request is **denied as moot.**

Finally, the Plaintiff lists several documents on page 2 of its Reply brief that it

characterizes as unreadable or unclear.  The Magistrate Judge assumes that counsel have resolved those problems.

The Plaintiff's request for its costs associated with the instant motion is **denied.**

SO ORDERED:   11/08/2007

_William T Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Thomas J. Collin
THOMPSON HINE LLP
tom.collin@thompsonhine.com

Gregory Andrew Duff
ICE MILLER LLP
gregory.duff@icemiller.com

Michael D. Huitink
GODFREY & KAHN, S.C.
mhuitink@gklaw.com

John Lentz Kirtley
GODFREY & KAHN
jkirtley@gklaw.com

James L. Petersen
ICE MILLER LLP
james.petersen@icemiller.com

Jennifer Smith Roach
THOMPSON HINE LLP
jennifer.roach@thompsonhine.com

Joel E. Tragesser
LOCKE REYNOLDS LLP
jtragesser@locke.com