UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KING-INDIANA FORGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:07-cv-00341-SEB-DML |
| vs. | ) | |
| | ) | |
| MILLENNIUM FORGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION IN LIMINE**

This cause is before the Court on Defendant Millennium Forge, Inc.'s Motion *In Limine* Regarding Portions of the Expert Testimony of Thomas J. Sponsel [Docket No. 106], filed on September 4, 2008. Defendant moves the Court to exclude the following two opinions in the proposed expert testimony of Plaintiff's damages expert: (1) that the alleged misappropriation of Plaintiff's axle spindle process by Millennium netted a cost savings of $295,000 to Millennium; and (2) that the proper damage period for measuring King's damages is two years. For the reasons detailed below, Defendant's Motion is GRANTED.

*Discussion*

*I. Standard of Review*

The admissibility of expert testimony is governed by the framework set out in Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharms. Inc. 509 U.S. 579

(1993).  Applying this framework, courts must undertake:

> a three-step analysis: the witness must be qualified "as an expert by knowledge, skill, experience, training, or education"; the expert's reasoning or methodology underlying the testimony must be scientifically reliable; and the testimony must assist the trier of fact to understand the evidence or determine a fact in issue.

Ervin v. Johnson & Johnson, Inc., 492 F.3d 901, 904 (7th Cir. 2007) (quoting Fed.R.Evid. 702); see also Kumhoe Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999) (extending the Daubert admissibility framework to expert testimony in the social sciences).  "The Daubert standard applies to all expert testimony, whether it relates to an area of traditional scientific competence or whether it is founded on engineering principles or other technical or specialized expertise."  Smith v. Ford Motor Co., 215 F.3d 713, 719 (7th Cir. 2000) (citing Kumho, 536 U.S. at 141).

Millenium does not oppose Thomas J. Sponsel's proffered opinions on the basis that he is not qualified as an expert in the subject matter.[1]  Therefore, the issues before the Court regard only the other prongs of Daubert, and the Court, "in its role as a gate-keeper," must determine if Sponsel's opinions are based on reliable methodology, and whether they would be helpful to a jury.  Winters v. Fru-Con, Inc., 498 F.3d 734, 743 (7th Cir. 2007).

---

[1] Sponsel has worked as a Certified Public Accountant since 1979 and has audit, accounting, and tax consulting experience in a wide variety of industries.  He has received various awards from the Indiana CPA Society.

## *II. Thomas J. Sponsel's Opinion on Damages Amount*

In his expert report, Thomas J. Sponsel ("Sponsel") opines that Plaintiff King-Indiana Forge, Inc's ("King") damages should include $295,000, which he contends is a reasonable estimate of the cost savings that Millennium enjoyed as a result of its alleged misappropriation.  Report of Sponsel at 1, 8-9.  Defendant Millennium Forge, Inc. ("Millennium") contends that this opinion is not reliable expert testimony because it is wholly based on the cost recited to Sponsel by King employee Greg Ankney ("Ankney").  Millennium further contends that Sponsel's opinion should be excluded because Sponsel admitted that he did not independently verify the figures supplied to him by Ankney.

King rejoins that Sponsel relied upon factual information provided by Ankney because that was the "best information available to him at the time."  Because Generally Accepted Accounting principles did not require King to accumulate and include the development cost for King's proprietary process as an asset on its balance sheet, the "best" accounting information available came from Ankney, a manager at King who was responsible for observing costs incurred.  King further rejoins that this is not a case in which "Sponsel relied on information or summaries prepared by counsel without knowledge of the underlying facts - Sponsel conducted his own independent examination of Ankney."  Pl.'s Response at 6.

When an expert's proffered opinion merely parrots information provided to him by a party, that opinion is generally excluded.  See Black & Decker v. Bosch Tools, 2006 WL 5156873, at *1 (N.D. Ill. 2006).  Furthermore, when an expert relies upon

3

information given to him by a party or counsel, he must independently verify that information before utilizing it in his calculations.  MDG International, Inc. v. Australian Gold, Inc., 2009 WL 1916728, at *5 (S.D. Ind. June 29, 2009) (Barker, J.).

>Sponsel testified in his deposition as follows:
>
>Q: Is it fair to say, then, the items listed . . . are Mr. Ankney's calculations, not yours?
>
>A: That's correct.

Dep. of Sponsel at 78-80.  "An expert is of course permitted to testify to an opinion formed on the basis of information that is handed to rather than developed by him." In re James Wilson Associates, 965 F.2d 160, 172 (7th Cir. 1992).  However, in doing so, the expert must  incorporate the information supplied to him into his underlying facts, independently review the information, and then formulate, with calculations consistent with his expertise, an opinion that relies upon that any other relevant information.

It is clear from his report and testimony that Sponsel did not use the information provided by Ankney as the basis for his proffered opinion.  Although Sponsel conducted the interview of Ankney, he never independently verified the facts Ankney provided to him.  Instead, he simply offered Ankney's conclusions as his own.  "Federal Rule of Evidence 703 does not 'allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece fo the witnesses on whose statements or opinions the expert purports to base his opinion.'" Black and Decker, 2006 WL 5156873, at *1 (quoting Loeffel Steel Prods., Inc. v. Delta Brands, Inc., 387 F.Supp.2d 794 (N.D. Ill.

2005). We therefore conclude that Sponsel's opinion specifically stating that King's damages should include this amount of $295,000 must and shall be excluded.

### III. *Sponsel's Opinion Regarding Two-Year Damage Period*

Sponsel further opines that the appropriate damage period for the calculation of King's damages is two years. He bases this opinion on an assumption that Millennium would have taken two years to develop the allegedly misappropriated information, which assumption is derived from the fact that it took King two years to develop that information. Rep. of Sponsel at 9 ("I anticipate that Millennium would have to go through the same process in development of spindles, and that by using the confidential information allegedly obtained in June 2006, it avoided the majority of these costs."). According to Millennium, because Sponsel does not explain how the amount of time it took King to develop its process relates to how long it would have taken Millennium to develop a similar process, the opinion should be excluded as unreliable. Millennium further attacks Sponsel's opinion by noting that Sponsel conceded that he did not take into account numerous variables that were relevant to the "damages period" calculation. See Dep. of Sponsel at 22-25.

King does not substantially defend Sponsel's opinion in this regard but rather contends that any weaknesses alleged by Millennium should be explored by Millennium on cross-examination. See Daubert, 508 U.S. at 595. Although this is ordinarily the case under Daubert, in assessing an expert's methodology, the Court "must rule out

5

subjective belief or unsupported speculation." Deimer v. Cincinnati Sub-Zero Prods, Inc., 58 F.3d 341, 344 (7th Cir. 1995) (internal citations omitted). It is clear from Sponsel's testimony and expert report that his conclusion regarding the damages period is nothing more than an equation of King's development process time to what may have been Millennium's development process time.

An expert report purporting to calculate damages, which "fails to correct for salient explanatory variables, or even to make the most elementary comparisons, has not value as causal explanation and is therefore inadmissible in a federal court." People Who Care v. Rockford Board of Educ., 111 F.3d 528, 537-38 (7th Cir. 1997); Fogle v. William Chevrolet/GEO, Inc., 275 F.3d 613, 616 (7th Cir. 2001). Sponsel offers no explanation, scientific or otherwise, for why these two periods, one real and one speculative, should be equated, nor does he say precisely why this should be considered the damages period in this case.[2] Because of the inherent unreliability of Sponsel's opinion related to the damages period, we hold that this opinion, too, must be excluded.

### IV. Conclusion

Having considered the parties' arguments regarding the admissibility of Thomas J. Sponsel's opinions relating to the amount of damages and damages period in this case, we

---

[2] Sponsel does cite one accepted methodology in his report, the definition of a damages period provided by the American Institute of Certified Public Accountants. However, he admits to rejecting this method and replacing it with the "alternative" approach of equating the damage period to King's two-year development process. This is insufficiently reliable under Daubert.

conclude that those opinions do not satisfy the reliability prongs of Daubert.

Accordingly, Defendant's Motion *In Limine* to exclude those opinions is GRANTED.

IT IS SO ORDERED.

Date: ___09/29/2009___          ___[signature] Sarah Evans Barker___

                                                        SARAH EVANS BARKER, JUDGE
Copies to:                                         United States District Court
                                                        Southern District of Indiana

Thomas J. Collin
THOMPSON HINE LLP
tom.collin@thompsonhine.com

Michael D. Huitink
GODFREY & KAHN, S.C.
mhuitink@gklaw.com

John Lentz Kirtley
GODFREY & KAHN
jkirtley@gklaw.com

James L. Petersen
ICE MILLER LLP
james.petersen@icemiller.com

Julianna Marie Plawecki
ICE MILLER LLP
julianna.plawecki@icemiller.com

Jennifer Smith Roach
THOMPSON HINE LLP
jennifer.roach@thompsonhine.com

Joel E. Tragesser
FROST BROWN TODD LLC
jtragesser@fbtlaw.com

Karen A. Waple
GODFREY & KAHN, S.C.
kwaple@gklaw.com