UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| KING-INDIANA FORGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:07-cv-00341-SEB-DML |
| vs. | ) | |
| | ) | |
| MILLENNIUM FORGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION IN LIMINE**

This cause is before the Court on Defendant Millennium Forge, Inc.'s Motion In

Limine Regarding the Expert Testimony of Harold James Henning [Docket No. 110],

filed on September 4, 2008.  Millennium moves the Court to bar Mr. Henning from

providing expert testimony at trial.  King-Indiana Forge intends to offer Henning's expert

testimony with regard to three opinions he holds which King asserts are relevant to this

misappropriation of trade secrets case:

> 1)  Elements of the King process for forging long near net axle spindles
> were, both alone and in combination, not generally known in the industry as
> of June 19, 2006 and were developed by King over a period of years
> through trial and error and substantial investment of time and effort.

> 2) The foregoing elements of the King process would not have been
> ascertainable by others in the forging industry as of June 19, 2006 without
> substantial investment of time effort or expense.

> 3) The Millennium process for forging long near net axle spindles closely
> resembles the King process in overall configuration, and many of its key
> elements are identical or substantially similar t elements of the King
> process.

***Standard of Review***

The admissibility of expert testimony is governed by the framework set out in Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharms. Inc.</u> 509 U.S. 579 (1993).  Applying this framework, courts must undertake:

> a three-step analysis: the witness must be qualified "as an expert by knowledge, skill, experience, training, or education"; the expert's reasoning or methodology underlying the testimony must be scientifically reliable; and the testimony must assist the trier of fact to understand the evidence or determine a fact in issue.

<u>Ervin v. Johnson & Johnson, Inc.</u>, 492 F.3d 901, 904 (7th Cir. 2007) (quoting Fed.R.Evid. 702); <u>see also</u> <u>Kumhoe Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 141 (1999) (extending the <u>Daubert</u> admissibility framework to expert testimony in the social sciences).  "The <u>Daubert</u> standard applies to all expert testimony, whether it relates to an area of traditional scientific competence or whether it is founded on engineering principles or other technical or specialized expertise."  <u>Smith v. Ford Motor Co.</u>, 215 F.3d 713, 719 (7th Cir. 2000) (citing <u>Kumho</u>, 536 U.S. at 141).

### *Discussion*

Millenium contends that Henning's testimony should be barred because his first opinion regarding what is known in the industry is unreliable.  The lack of reliability is said to be due to the opinion being based on Henning's own insufficient expertise and personal observations of the industry, which insufficiency is evidenced by Henning's admission in deposition that he wishes he had visited an additional axle forging facility.

Millennium also maintains that Henning should be barred as an expert witness because his third opinion is irrelevant, prejudicial and misleading due to the fact that it sets forth common elements of the two processes which are not unique, neglects to point out differences in the two processes and fails to tie the alleged similarities in the process to any trade secret held by King.  Millennium does not limit its motion to restricting particular areas of Henning's testimony, but instead seeks to have Henning barred completely from testifying.

*Testimony Regarding Whether Elements of King's Forging Process Were Generally Known in the Industry*

Henning has been involved in the forging industry for 50 years, having spent time as an engineering and research director for the industry's trade association, where he visited the shops of more than half of its members.  He has written and taught courses related to forging, including a book entitled *Forging Materials and Practices* and has served as a consultant to the industry for many years.  That said, Millennium's challenge to Henning's testimony is not directed at his overall expertise, but at his experience and observations relative to axle spindle forging, the process at issue in the case at bar.  It complains that Henning did not do a literature search or consult with others prior to opining and only visited the King and Millenium shops to observe the spindle forging processes at issue.  Finally, it urges our review of court opinions in two other cases where an expert was barred from testifying with regard to what was "generally known" in the

relevant industry.

One of the problems with Millennium's challenge to the depth of Henning's investigation is that there are admittedly very few companies which perform this work. At the time Millennium is accused of stealing King's secrets, there were only three companies in the world known to be producing such "near net"forgings and Henning has testified that he was aware of those few companies as well as a currently pending joint effort of two foreign companies to arrive at a method for manufacturing such spindles. The fact that he had not seen one of the spindle producing operations does not alter the fact that he was aware of the processes used by the majority of such spindle forging manufacturers and, most importantly, has reviewed in person the two at issue here.  In addition he has visited more than 150 forging facilities which produce other products and observed what processes are in use at those facilities.  Testimony as to what is known, generally, in an industry is not intended to rule out the possibility that somewhere, in some secluded corner of the world, someone has not duplicated certain processes through trial and error.  Rather, it is intended to inform the fact finder as to whether a particular process would be part of the general knowledge of those who perform similar work.

As to Henning's lack of a literature search, he did testify to his use of the internet to search out relevant information -which in this day and age is much the same as a literature review.  The fact that the search specific to axle spindle forging was not lengthy is not surprising insofar as the number of manufacturers who possess such an ability can

be counted on one hand.  In *Amtel Corp. v. Information Storage Devices, Inc.*, 189 F.R.D. 410 (N.D.Cal. 1999), the court excluded an expert's testimony as to what was "generally known" in an industry because an expert "consciously refrained" from educating himself as to literature in the relevant time frame as a litigation tactic.  *Id.* at 416.  That is nowhere near the circumstances here.  Nor is the situation here comparable to the other case relied upon by Millennium, *Thomas & Betts Corp. v. Richards Manufacturing Co.,* 2006 WL 902148 (D. N.J. April 4, 2006).  In that case the expert whose testimony was disallowed was disqualified on the basis of his lack of expertise. *Id.* at *16.  As an afterthought, the court related that even if the expert had been qualified, his testimony on what was known in the industry was based only on  a review of the literature in his personal library.  *Id.*

In this case Henning is undoubtedly qualified in the field of forging processes. Based upon that expertise, his internet search, his visits to more than 150 manufacturers engaged in forging and his specific review of the King and Millenium processes, we see no basis upon which to exclude his testimony as to what was generally known in the industry.  In short, he is qualified and his significant knowledge and experience, when combined with the investigation he performed specific to this case, provides sufficient reliability to his testimony.

*Testimony Regarding Similarities Between the Processes Used by King and Millennium*

Millennium asserts that another basis for excluding the testimony of Henning is

that he lists a plethora of similarities between the processes of King and Millennium in his report , but admitted at deposition that none of them are unique, in and of themselves, and that he is unsure if they are unique in combination.  Further, Millenium contends that Henning testimony is irrelevant because he does not link the similarities to any confidential or secret portion of the King process.

First, it is important to note that King does not offer Henning to opine as to the ultimate question of whether or not there was a misappropriation of a trade secret. Further, our reading of Henning's deposition does not lead us to conclude that he is uncertain as to the uniqueness of certain of King's processes.  For example on pages 45 and 46 of his deposition, Henning discusses the uniqueness of using a turn press "to both pierce the hole and lengthen the shaft," a process which he has never seen before.  In addition, he testifies about processes that, by themselves may not be unique, but become unique when considered in sequence.  It was the sequencing that was not generally seen in the industry and what causes King's forging processes to stand out.

Henning's testimony with regard to what processes, in combination or particular sequence, are or were unique to King and how Millenium's processes may mimic those unique features will be helpful to the jury.  That is not to say that Henning should be allowed to testify as to all the commonalities between the processes at the two facilities. While his report sets forth a laundry list of the many elements or features that are contained in both the Millennium and King processes, only those which are somehow tied

-6-

to unique sequencing or otherwise exist in some exclusive circumstance at King should be the subject of his testimony.  The fact that both companies heat a bar of metal or convey components on a belt are examples of similarities that would be of no probative value to a fact finder charged with determining if misappropriation of a secret has occurred.  However, timely and appropriate objections at trial, as well as cross-examination, can cure any attempt by King to overwhelm the jury with testimony of insignificant similarities in the two processes, if such an attempt should be made.

### *Conclusion*

For the reasons explicated above, the court finds Henning to be adequately qualified and to have conducted a sufficient investigation into this matter that, combined with his experience, allows him to offer reliable expert opinion testimony that could assist the jury in reaching its conclusions.  Accordingly, Millennium's Motion in Limine Regarding the Expert Testimony of Harold James Henning (Doc. #110) is DENIED.

IT IS SO ORDERED.

Date:  09/30/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:
Thomas J. Collin
THOMPSON HINE LLP
tom.collin@thompsonhine.com

Michael D. Huitink
GODFREY & KAHN, S.C.
mhuitink@gklaw.com

John Lentz Kirtley
GODFREY & KAHN
jkirtley@gklaw.com

James L. Petersen
ICE MILLER LLP
james.petersen@icemiller.com

Julianna Marie Plawecki
ICE MILLER LLP
julianna.plawecki@icemiller.com

Jennifer Smith Roach
THOMPSON HINE LLP
jennifer.roach@thompsonhine.com

Joel E. Tragesser
FROST BROWN TODD LLC
jtragesser@fbtlaw.com

Karen A. Waple
GODFREY & KAHN, S.C.
kwaple@gklaw.com