UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KING-INDIANA FORGE, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MILLENNIUM FORGE, INC., )<br>)<br>Defendant. ) | 1:07-cv-00341-SEB-DML |

### ENTRY CORRECTING PREVIOUS ORDER AND DENYING PLAINTIFF'S MOTION FOR ORDER UNDER RULE 56(d)(1)

In our March 13, 2009, order (Doc. #135) denying Defendant's Motion for Summary Judgment, this court referenced the generally accepted legal principle that a process can qualify as a trade secret. After proffering this legal conclusion, our order stated: "We have no difficulty concluding that the process which King developed for forging spindles is, in fact and law, a trade secret."

Understandably, Plaintiff is hopeful that this statement reflects a judicial determination that, as a matter of law, Plaintiff has successfully established the first element of its claim of trade secret misappropriation. To solidify this hope, and this result, Plaintiff has filed a motion seeking such clarification. However, this statement does not and was not intended by us to reduce Plaintiff's trial burden in such a summary fashion. The Court could not at this juncture, and has not, ruled that Plaintiff has

established that its process was a trade secret.  Indeed, it is clear that the issue was not ripe for decision in our summary judgment denial because Plaintiff had not moved for summary judgment and, further, Defendant's summary judgment motion was limited to the assertion that Plaintiff lacked sufficient evidence to support another, distinctly different element of its claim.  To the extent that our terminology was confusing and/or misleading, our intent was simply to confirm that, based on the record before us at that time, the Court could conclude that the process developed by King for forging spindles <u>could</u> amount to a trade secret, if Plaintiff's evidence withstands Defendant's rebuttal evidence at trial.

Accordingly, the first sentence of the first full paragraph of page 9 of our March 13, 2009 order (Doc. #135) shall be stricken and the following sentence substituted: "We have no difficulty concluding that the process, or portions of the process, developed by King for forging spindles could be deemed a 'trade secret,' assuming such a finding is supported by the weight of the evidence at trial."  In addition, Plaintiff's Motion For An Order Under Rule 56(d)(1) (Doc. #141) is hereby DENIED.

IT IS SO ORDERED.

Date: 10/09/2009

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:
Thomas J. Collin
THOMPSON HINE LLP
tom.collin@thompsonhine.com

Michael D. Huitink
GODFREY & KAHN, S.C.
mhuitink@gklaw.com

John Lentz Kirtley
GODFREY & KAHN
jkirtley@gklaw.com

James L. Petersen
ICE MILLER LLP
james.petersen@icemiller.com

Julianna Marie Plawecki
ICE MILLER LLP
julianna.plawecki@icemiller.com

Jennifer Smith Roach
THOMPSON HINE LLP
jennifer.roach@thompsonhine.com

Joel E. Tragesser
FROST BROWN TODD LLC
jtragesser@fbtlaw.com

Karen A. Waple
GODFREY & KAHN, S.C.
kwaple@gklaw.com